# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JERRY DONOHUE, BAR NO. 8793.

No. 69228

**FILED**

JUL 22 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law and recommendation that attorney Jerry Donohue be suspended from the practice of law for one year. The panel also recommended that Donohue take six hours of continuing legal education (CLE) on law office management and six hours of CLE on ethics, in addition to the CLE hours he was ordinarily required to complete. The panel further recommended that Donohue pay restitution to certain clients prior to applying for reinstatement and pay the costs of the bar proceedings, excluding staff salaries.

The record before this court indicates that in 2011 Donohue was retained by LaVonne Atkins-St. Rose to handle her son's traffic tickets, and while her son completed traffic school and she provided Donohue with the amount of the fine to be paid to the court, Donohue did not provide evidence of the traffic school completion to the court and did not pay the entire amount of the fine to the court. Thus, the panel found that Donohue violated RPC 1.3 (diligence) for failing to ensure that proof of completion of traffic school was provided to the court and RPC 1.4 (communication) for failing to respond to Atkins-St. Rose, after she

SUPREME COURT
OF
NEVADA

(O) 1947A

16-22801

discovered that a bench warrant had been issued for her son's arrest for failing to pay the fine.

Also in 2011, during Donohue's representation of Stephanie Tuesday, Donohue's paralegal, Jaime Clark, stole Tuesday's identity and obtained a credit card under Tuesday's name. When Tuesday informed Donohue about Clark's actions, Donohue failed to investigate Tuesday's allegations or prevent Clark from having access to his client's information or property until a year later, when Clark was arrested. The panel found that Donohue violated RPC 1.15 (safekeeping property) because he allowed Clark to be in a position where she could access Tuesday's sensitive financial information, RPC 5.3 (responsibilities regarding nonlawyer assistants) for failing to make reasonable efforts to ensure that Clark was not stealing from his clients, and RPC 8.4 (misconduct) for knowingly allowing Clark to act in ways that would violate the Rules of Professional Conduct.

In May 2012, Welthy Silva retained Donohue to handle her divorce, but according to Silva, Clark handled the majority of the work done on her divorce. Additionally, Silva paid Clark $4,000 in cash to be applied to her retainer, but that money disappeared and when Silva questioned Donohue why her bill did not reflect the $4,000 credit, he once again did not immediately limit Clark's access to his client's personal information or property. The panel found that Donohue had violated RPC 1.4 (communication) for failing to respond to Silva, RPC 1.15 (safekeeping property) for allowing Clark to be in a position where she could take Silva's money and not credit that money to Silva's account, RPC 5.3 (responsibilities regarding nonlawyer assistants) for failing to make reasonable efforts to ensure that Clark was not stealing from his clients,

and RPC 5.5 (unauthorized practice of law) for allowing Clark to do work on Silva's divorce without properly supervising her.

Lastly, Krista Hanson retained Donohue to handle two traffic tickets for her. Hanson provided her credit card information to Clark to pay the court fine, but instead of paying the court fine Clark charged the same amount on the credit card payable to a company unrelated to Donohue. A bench warrant was issued for Hanson's arrest for failure to pay the fine, and after making her payment directly to the court she attempted to contact Donohue repeatedly, but to no avail. The panel found that Donohue violated RPC 1.1 (competence) for failing to appropriately handle Hanson's traffic ticket, RPC 1.3 (diligence) for not diligently responding to Hanson's matter, RPC 1.4 (communication) for failing to return Hanson's calls, RPC 1.15 (safekeeping property) for allowing Clark to charge Hanson and then not ensuring that Hanson's ticket was paid, and RPC 5.3 (responsibilities regarding nonlawyer assistants) for failing to make reasonable efforts to ensure that Clark was not stealing from his clients.

In addition to these findings, the panel found the following aggravating factors: (1) prior disciplinary offense; (2) pattern of misconduct; (3) submission of false evidence, false statements, or other deceptive practices during the disciplinary hearing; (4) refusal to acknowledge the wrongful nature of conduct; (5) vulnerability of victim; (6) substantial experience in the practice of law; and (7) indifference to making restitution. The panel found that the only mitigating factor was the delay in the disciplinary proceedings.

Based on our review of the record, we conclude that the panel's findings are supported by clear and convincing evidence and the panel's

recommendation of a one-year suspension should be imposed.[1] *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001) (explaining that this court will examine the record anew and exercise independent judgment, and that "[e]thical violations must be proven by clear and convincing evidence"). Further, the State Bar of Nevada was not judicially estopped from prosecuting Donohue's ethical violations because he was a victim/witness at Clark's criminal trial as the State Bar is not the same party as the State of Nevada, which brings criminal complaints. *See* SCR 76(1) (providing that the State Bar is a public corporation "under the exclusive jurisdiction and control of the supreme court").

While we are concerned by Donohue's misconduct and the substantial aggravating factors, including that Donohue does not appear to understand that he should have investigated Clark's actions or prevented her access to his client's personal information and property earlier, we conclude that the panel's recommended discipline is sufficient to serve the purpose of attorney discipline, because a one-year suspension in combination with the six CLE hours on law office management and the six CLE hours on ethics should assist Donohue in understanding and addressing his ethical violations. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining that the purpose of attorney discipline is not to punish an attorney but to protect the public and the integrity of the bar).

---

[1]While the panel failed to issue its written decision within 30 days, SCR 105(2)(e), we conclude that this failure does not warrant dismissal of the bar complaint. *See* SCR 119(2) ("Failure to observe directory time intervals may result in contempt of the appropriate disciplinary board or hearing panel having jurisdiction, but will not justify abatement of any disciplinary investigation or proceeding.").

We hereby suspend Jerry Donohue from the practice of law in Nevada for a period of one year commencing from the date of this order. Donohue shall (1) complete six hours of CLE on law office management and six hours of CLE on ethics, in addition to the hours of CLE he is ordinarily required to complete; (2) pay restitution in the amounts of $925 to Atkins-St. Rose, $2,500 to Silva, and $580 to Hanson, prior to applying for reinstatement; and (3) pay the costs of the bar proceedings, excluding staff salaries, within 30 days of invoicing from the State Bar of Nevada. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                       Douglas

_____, J.          _____, J.
Cherry                         Saitta

_____, J.          _____, J.
Gibbons                        Pickering

cc:    Chair, Southern Nevada Disciplinary Board
       David Lee Phillips & Associates
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court

